This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.                 **NO. 31,204**

**JOSE RODRIGUEZ,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Albright Law & Consulting
Jennifer Rebecca Albright
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for intimidation of a witness and false imprisonment. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant continues to claim that the jury was not presented with sufficient evidence to support his convictions. Defendant claims that the evidence presented to the jury included inconsistent statements from the victim. Defendant also claims that he did not restrain or threaten the victim and alleges that, other than the victim's inconsistent statements, there was no evidence presented that the victim was confined to a bedroom or was threatened. [MIO 4] Defendant also argues that a reasonable jury could not find support for intimidation and false imprisonment while finding insufficient support for assault and battery charges which Defendant claims ended in acquittal. [MIO 3]

In our calendar notice, we pointed out that, when presented with a challenge to the sufficiency of the evidence, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We also pointed out that "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there

is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. We stated that we will not entertain contentions that jury verdicts are irreconcilable based on alleged acquittals. *See State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133.

As explained in our calendar notice, the jury was free to accept or reject some or all of the testimony presented. At trial, the victim testified that she saw an open door and wanted to get out, but Defendant slammed and locked the door and told her to stay in a bedroom or he would kill her. [RP 95-96; DS unpaginated 3] The victim testified that Defendant told her he did not want to go back to prison, and the victim explained that she did not call police because Defendant told her he would kill her grandsons. [Id.] We hold that the evidence was sufficient to support Defendant's convictions for intimidation of a witness and false imprisonment.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

3

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**